UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:19-CR-33-REW-HAI |
| v. | ) | |
| | ) | |
| SHMAURE D. WOODS, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Recommended Disposition (DE #104) of United States Magistrate Judge Hanly A. Ingram, addressing Defendant Shmaure Woods's guilty plea to Count 1 of the Indictment (DE #1). Defendant appeared before Judge Ingram on January 10, 2020. *See* DE #103 (Minutes). After consenting to plead before a United States Magistrate Judge and engaging in a full Rule 11 colloquy, Woods proceeded to plead guilty. DE #104 at ¶¶ 1–2. Judge Ingram found Woods competent to plead and concluded that his plea was knowing and voluntary; Judge Ingram further found that an adequate factual basis supported the plea as to each essential element of the charged offense. *Id.* at ¶¶ 2–3. Accordingly, Judge Ingram recommended the Court accept Defendant's plea and adjudge him guilty of Count 1 of the Indictment. *Id.* at ¶ 4.

Neither Woods nor the Government objected to DE #104 within the allotted three-day period. *See id.* at 3. While this Court reviews *de novo* those portions of a Report and Recommendation to which a party objects, *see* 28 U.S.C. § 636(b)(1), it is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985). Where the parties do not object to the magistrate judge's recommended disposition, they waive any right to

1

review. *See* Fed. R. Crim. P. 59(b); *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017) ("When a party . . . fails to lodge a specific objection to a particular aspect of a magistrate judge's report and recommendation, we consider that issue forfeited on appeal."); *see also United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008) (noting that "[t]he law in this Circuit is clear" that a party who fails to object to a magistrate judge's recommendation forfeits the right to appeal its adoption).

The Court thus **ADOPTS** the Recommended Disposition (DE #104), accepts the plea, and **ADJUDGES** Defendant guilty of Count 1 of the Indictment. Given the guilty adjudication and Woods's concession of forfeitability regarding the DE #1-identified property per the plea agreement (*see* DE #105 at ¶ 11), the Court provisionally **FINDS** that Defendant has an interest in such property and preliminarily **ORDERS** Defendant's interest in such property **FORFEITED** pursuant to 21 U.S.C. § 853. Per Criminal Rule 32.2, and absent pre-judgment objection, "the preliminary forfeiture order becomes final as to" Defendant at sentencing. Fed. R. Crim. P. 32.2(b)(4)(A). The Court will further address forfeiture at that time. *See id.* at (b)(4)(B).

The Court further **CANCELS** the jury trial (previously continued generally) as to Woods. An Order scheduling Defendant's sentencing will follow. Woods's custodial status, per the record, remains as detained.

This the 17th day of January, 2020.

Signed By:
*Robert E. Wier* REW
United States District Judge